# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 17, 2003

## STATE OF TENNESSEE v. ZELLBURGE GLEAVES

### Appeal from the Criminal Court for Davidson County
### No. 2002-A-282    Cheryl Blackburn, Judge

---

### No. M2002-02613-CCA-R3-CD - Filed October 23, 2003

---

The Appellant, Zellburge Gleaves, appeals the sentencing decision of the Davidson County Criminal Court following his guilty plea to one count of aggravated assault. Under the terms of the plea agreement, Gleaves agreed to an eight-year sentence as a Range II multiple offender. The plea agreement further provided that the manner of service of the sentence was to be determined by the trial court. Following a sentencing hearing, the trial court ordered total confinement. Gleaves appeals, contending that the trial court erred in failing to grant a sentence of split confinement. After review of the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Ross E. Alderman, District Public Defender; Jeffrey A. DeVasher, Assistant Public Defender, Nashville, Tennessee, for the Appellant, Zellburge Gleaves.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turrner, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On February 15, 2002, the Appellant was indicted by a Davidson County grand jury for one count of aggravated assault and three counts of aggravated rape of his former girlfriend. On July 22, 2002, the Appellant, a Range II offender, entered a guilty plea to one count of aggravated assault, a class C felony. The trial court accepted the terms of the plea agreement, which provided that the Appellant would receive an eight-year sentence and that the manner of service of the sentence would

be submitted to the trial court. The remaining charges were dismissed. At the guilty plea hearing, the State provided the following facts to support the Appellant's conviction for aggravated assault:

> The testimony would be that on June 20, 2001, that Mr. Gleaves came to Ms. Audra Smith's residence at 637 South Seventh Street. The proof would be that they had had a previous relationship; that he entered the residence, according to her, accusing her of having someone else there. There wasn't anyone else in the residence and ultimately ended up striking her several times in the face. Later, she was taken, later that morning, a relative of Mr. Gleaves took her to Baptist Hospital Emergency Room where it was determined that among her other injuries, that both jaws were broken constituting serious bodily injury.

A sentencing hearing was held on September 25, 2002. Audra Smith, the victim, testified that she was hospitalized for one day as a result of being assaulted by the Appellant. Both of her jaws were broken, and she stated that she still had difficulty talking and eating. The victim also testified that her jaws were wired for approximately six weeks after the incident and that all of the wiring was not removed until approximately four weeks later. According to the victim, the Appellant had not made any attempts to contact her after he was released on bond.

The thirty-one-year-old Appellant testified that he lived with his sister and worked full-time through a temporary service at Ingram Books as a forklift operator and sorter. The Appellant also testified that he had five children. According to the Appellant, four of his children were with his ex-wife, and he had weekend visitation with them and provided them with support on an as needed basis. The Appellant also stated that he had been attending anger management classes twice weekly at the Day Reporting Center, which benefitted him greatly because the classes helped him understand that he needed to control his temper. He related that before the classes, he believed that men normally hit the women they love.

The Appellant's misdemeanor criminal history included ten convictions for driving with a suspended license and violation of the driver's license law, three convictions for criminal trespass, two convictions for assault, one conviction for simple possession, one conviction for violation of the open container law, one conviction for resisting arrest, and one conviction for violating an order of protection. In 1994, the Appellant was placed on probation for the drug conviction, which was later revoked, and he was ordered to serve ninety days in jail. The Appellant was also sentenced to ten days in jail for violation of the order of protection obtained by his ex-wife. According to the Appellant, his two convictions for misdemeanor assault involved a former girlfriend.

The Appellant has two felony convictions: (1) aggravated assault of another former girlfriend, different from the victim involved in the misdemeanor assault cases, and (2) aggravated kidnapping of his ex-wife. The Appellant violated his probation on the aggravated assault conviction by being arrested on the kidnapping charge. He ultimately served a five-year sentence for the aggravated assault conviction and a three and one-half-year sentence for the kidnapping conviction.

Following the conclusion of all the proof at the sentencing hearing, the trial court denied any form of alternative sentencing and ordered the eight-year sentence to be served in total confinement. In making this determination, the trial court concluded:

Sentences involving confinement should be based on the following considerations, this is in the statute: it is necessary to protect society by restraining a defendant who has a long history of criminal conduct. There is no question that Mr. Gleaves falls within that category. He has an incredibly long history.

Confinement is necessary to avoid deprecating the seriousness of the offense or it is particularly suited to provide an effective deterrence to others, and where measurements least restrictive have frequently or recently been applied unsuccessfully to the defendant.

. . .

It is interesting, and I will say this for the record, that on July 31, of 1997, Mr. Gleaves, in this court, entered a best interest plea to aggravated assault, received a five-year sentence. He had to serve 120 days, day-for-day at 100%. He then was placed on probation where he was ordered to stay away from the victim. . . . [W]hat happened was I gave the benefit and I'm the one that signed the judgment form, he not only gets rearrested for kidnapping involving his wife, . . . but in the meantime, he also violates an order of protection. . . . He violated the order of protection on December 1, the arrest for that was in 1997 while he is on probation in my court. That was never brought to my attention. It wasn't until he was then rearrested for the kidnapping that then the warrant is issued for the violation of probation. . . . He then is ordered to serve my five years and the three years-six-months, and the time is run concurrently because he gets all the jail credit back on both of them if you look at the various files, so basically Mr. Gleaves really sort of served one sentence for all that, even though he twice violated my probation.

And in addition to that, if you look at his prior record, he also has two other assaults which he freely admits involves women. . . .

. . .

. . . I think given the facts and circumstances of this case, Mr. Gleaves, I'm glad you are getting some help, but that is not sufficient under the facts of this case. You have, in fact, shown to me personally that you will not abide by my orders, and therefore, your sentence is going to be eight years as Range II multiple offender. It is going to be served in the Department of Correction. I'm going to deny any alternative sentence.

The Appellant filed a motion to reconsider the denial of an alternative sentence, which was denied on October 18, 2002, following a hearing. The Appellant now appeals that denial, arguing that "the trial court should have placed him on probation following a period of confinement."

## ANALYSIS

When the sentencing court properly considers the relevant sentencing considerations, this court conducts a *de novo* review with the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). Although the presumption favoring alternative sentencing applies to the class C felonies for which the Appellant has been convicted, the presumption is not applicable to Range II offenders. Tenn. Code Ann. § 40-35-102(6) (1997). Moreover, the Appellant maintains the burden of showing that the sentence to total confinement imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments, (1997); *Ashby*, 823 S.W.2d at 169.

Alternative sentencing options may be denied if it is shown that the Appellant has a long history of criminal conduct, that the Appellant has not been rehabilitated with less restrictive methods, or that confinement is necessary to avoid depreciating the seriousness of the offense. Tenn. Code Ann. § 40-35-103(1)(A)-(C) (1997). Additionally, the potential or lack of potential for rehabilitation of a defendant should be considered in determining whether he or she should be granted an alternative sentence. Tenn. Code Ann. § 40-35-103(5).

In the present case, we find that the trial court considered all relevant evidence and so stated on the record. Moreover, as the trial court found, the record reflects (1) an extensive history of similar criminal offenses and (2) the failure of previously imposed suspended sentences. *See* Tenn. Code Ann. § 40-35-103(1)(A), (C). The Appellant has not met his burden of demonstrating the impropriety of the trial court's denial of alternative sentencing. The record fully supports the trial court's determination denying the Appellant a non-incarcerative sentence.

## CONCLUSION

After review of the issues before us, we conclude that the Appellant has failed to establish that his sentence of total confinement was improper. Accordingly, the judgment of the Davidson County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE